UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERIC D. GANT | * | CIVIL ACTION |
| VERSUS | * | NO. 26-1261 |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT | * | SECTION "T" (2) |

**ORDER AND REASONS**

After conducting the statutory review of this *in forma pauperis* complaint, the Magistrate Judge recommended that the complaint be summarily dismissed under 28 U.S.C. § 1915(e)(2). Plaintiff Gant was ordered to show cause, by August 12, 2026, why his complaint should not be summarily dismissed as frivolous and/or failure to state a claim. He has failed to do so.

After reviewing the record in this case, this Court finds that the complaint is frivolous, adopts the Magistrate Judge's Report and Recommendation, and summarily dismisses the case with prejudice.

## I. BACKGROUND

Plaintiff Eric D. Gant alleges that he has exercised his right to abolish the government of Michigan and named himself "King Eric the 1st." ECF No. 4, at 1 ¶¶ 1, 3. He outlines some principles for his newfound "Kingdom of Euphoria," including the process for joining his army and relocation rights. *Id.* at 2–3 ¶ 5. He alleges that Immigration and Customs Enforcement ("ICE") has violated "the King's law" by "none consensual deportation [sic]" for which he seeks $150,000 in damages and injunctive relief. *Id.* at 3 ¶¶ 6–7. Plaintiff asserts jurisdiction based on "the King's law permission for all courts to hear any case they feel qualified to hear, or they have Jurisdiction in 28 usc 1331. [sic]" *Id.* ¶ 8.

Gant moved for leave to proceed *in forma pauperis*. ECF No. 5. The Magistrate Judge found Plaintiff was financially eligible to proceed as a pauper under § 1915 but withheld summons pending the statutorily-mandated review. ECF No. 6 at 7. The Magistrate Judge further ordered that Gant "show cause why his Complaint should not be summarily dismissed as frivolous and/or failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)." *Id.* (emphasis omitted). He was required to file a written statement "of his position, setting forth the specific facts supporting his cause(s) of action, standing, and the basis of federal jurisdiction." *Id.* (emphasis omitted). The consequences for failure to respond were explicit in the order: "Plaintiff's failure to respond in writing as directed herein may result in the recommendation for dismissal with prejudice of his complaint." *Id.* (emphasis omitted). Despite this clear admonition, Gant failed to respond.

This Court now analyzes Gant's complaint.

## II. APPLICABLE LAW

### A. Statutorily-Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[1] Section 1915(e)(2)(B) grants the Court authority to dismiss *in forma pauperis* complaints summarily if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

[1] *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) ("There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious."); *see also Bass v. Parkwood Hosp.*, 180 F.3d 234, 240 (5th Cir. 1999) (affirming district court's revocation of *in forma pauperis* status).

[2] *Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted,* 2011 WL 740909 (E.D. La. Feb. 22, 2011).

defendant who is immune."[3] This statutory review mandate applies equally to prisoner and non-prisoner litigants *in forma pauperis* cases.[4]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[5] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] A court may not dismiss a claim simply because the facts are "unlikely."[7] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[8] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[9]

**B. Pleading Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[10] While the pleading standard for Rule 8 does not require "detailed factual allegations," it does demand more than

---

[3] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[4] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[7] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[8] *Id.* (quoting *Denton*, 504 U.S. at 32-33).
[9] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[10] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R. & R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

"unadorned, the-defendant-unlawfully-harmed-me accusation."[11] Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[12]

## III. ANALYSIS

Under the broadest reading to be afforded *pro se* complaints,[13] Plaintiff asserts the right to abolish the Michigan government and to declare himself the king of Michigan, the United States, and the world. ECF No. 4, at 1¶ 1. Plaintiff takes issue with ICE's practice of what he calls "none consensual" deportations. *Id.* at 3 ¶¶ 6–7. In his view, such deportations are illegal under the king's law, that is, under his law. *Id.* As relief, Plaintiff seeks monetary damages of $150,000 and an injunction halting all ICE deportations while the case is pending. *Id.* ¶ 7.

### A. Plaintiff's Complaint Must Be Dismissed as Frivolous Because It Lacks Subject Matter Jurisdiction.

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[14] The party seeking the federal forum has the burden of establishing jurisdiction.[15] If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate.[16] A case is considered frivolous under §1915(e)(2)(B) when there is no subject matter jurisdiction.[17]

Here, Plaintiff asserts two bases for jurisdiction: (1) through his permission as the king "for all courts to hear any case they feel qualified to hear," and (2) under 28 U.S.C. § 1331. ECF No.

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555–57).
[12] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice").
[13] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[14] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (per curiam) (quoting FED. R. CIV. P. 12(h)(3)).
[15] *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 219 (5th Cir. 2012).
[16] *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999).
[17] *See Neitzke*, 490 U.S. at 325; *Nixon v. Att'y Gen. of Tex.*, 537 F. App'x 512, 512 (5th Cir. 2013) (per curiam); *Williams v. Dorsey*, 412 F. App'x 710, 710 (5th Cir. 2011) (per curiam).

4, at 3 ¶ 8. Jurisdiction is appropriate under § 1331, Plaintiff claims, because the case arises under the United Nations charter and both parties are "United States Residents." *Id.*

As an initial matter, Plaintiff does not have authority as a king to redefine the rules of subject matter jurisdiction. This argument is without merit.

As for § 1331, a court has federal question jurisdiction under that statute when the plaintiff's claim arises under the Constitution, laws, or treaties of the United States (*i.e*., federal law creates the cause of action).[18] "When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute."[19] Federal question jurisdiction under 28 U.S.C. § 1331 is assessed under the well-pleaded complaint rule, which requires that a federal question appear on the face of the well-pleaded complaint.[20]

Here, Plaintiff makes a brief reference to the United Nations Charter as a treaty of the United States that would provide the basis for jurisdiction. ECF No. 4, at 3 ¶ 8. But he does not explain how the treaty applies or how it creates a private cause of action. A passing reference to a treaty does not create federal jurisdiction. Further, the residency of the parties has no relevance to federal question jurisdiction under § 1331. Because there is no subject matter jurisdiction, this case must be dismissed as frivolous under § 1915(e)(2)(B).

---

[18] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).
[19] *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986)).
[20] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

**B. <u>Plaintiff's Complaint Is Dismissed as Frivolous Because He Lacks Article III Standing.</u>**

While the lack of subject matter jurisdiction is sufficient to end this analysis, Plaintiff's complaint is also frivolous because he lacks standing under Article III. Federal courts may only adjudicate actual cases or controversies.[21] "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."[22] Standing makes sure that a litigant does not raise another's legal rights.[23] Standing requires "an injury . . . 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'"[24] The particularization element of the injury-in-fact inquiry reflects the commonsense notion that the party asserting standing must not only allege an injury to someone's concrete, cognizable interest; he must himself be among the persons injured by that conduct.[25]

Here, Plaintiff seeks relief for violations of his law as the king. But Plaintiff is no king and has no such law to enforce. He does not otherwise explain why he is the proper plaintiff to bring these claims (*i.e.*, that he is not a United States citizen or is at risk of deportation). Because Plaintiff fails to set forth any necessary facts to establish Article III standing, this case must be dismissed as frivolous under § 1915(e)(2)(B).

---

[21] U.S. CONST. art. III, § 2.
[22] *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 37 (1976)).
[23] *In re B-727 Aircraft Serial No*. 21010, 272 F.3d 264, 271 (5th Cir. 2001) ("The Article III doctrine of standing exists, in part, to prevent a litigant from raising another's legal rights."); *Valley Forge Christian Coll.* v. *Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474-75 (1982); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (explaining that standing requires an injury in fact, a causal connection between the injury and the defendant's conduct, and a likelihood that a judicial decision will redress the injury.)).
[24] *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)); *Lujan*, 504 U.S. at 560 (explaining that plaintiff must demonstrate an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" to establish injury in fact).
[25] *See Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 390 (5th Cir. 2024) (citing *McMahon v. Fenves*, 946 F.3d 266, 270 (5th Cir. 2020)).

**C. <u>Plaintiff's Complaint is Dismissed as Frivolous Because it Is Fanciful and Delusional.</u>**

The Court must summarily dismiss an *in forma pauperis* complaint when it is frivolous.[26] And "frivolous" means that the claim lacks an arguable basis in law or in fact.[27] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[28] A claim lacks an arguable basis in fact if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[29]

Plaintiff is a prolific litigant.[30] Indeed, due to his numerous unmeritorious filings, the Western District of Michigan recently imposed a pre-filing injunction.[31] And the District of Maine has cited Plaintiff's assertion that he is king of Michigan to dismiss summarily on the basis that it is fanciful and delusional.[32] As with that suit, Plaintiff's claims are based on his self-proclamation to be "King Eric the 1st" and the government and laws adopted by him in that capacity. As such, the factual and legal bases of the claim are fanciful and delusional. Dismissal is appropriate.

---

[26] 28 U.S.C. § 1915(e)(2)(B)(i).
[27] *Neitzke*, 490 U.S. at 325.
[28] *Davis*, 157 F.3d at 1005 (quoting *McCormick*, 105 F.3d at 1061).
[29] *Denton*, 504 U.S. at 33. A court may not dismiss a claim simply because the facts are "unlikely." *Id.*
[30] *See, e.g.*, *Gant v. Berens*, No. 26-1823, 2026 WL 1975171, at *2 (W.D. Mich. June 16, 2026) (listing 7 other filings dismissed as frivolous in same district), *R. & R. adopted*, 2026 WL 1974165 (July 8, 2026); *Gant v. Tex Rd. House Corp.*, No. 26-423, 2026 WL 1622836, at *1 (W.D. Ky. June 5, 2026) (dismissing case for lack of subject matter jurisdiction and noting the allegations were "implausible, attenuated, unsubstantial, frivolous, and devoid of merit"); *Gant v. Michigan*, No. 25-1080, 2025 WL 2697169, at *1–2 (W.D. Mich. Sept. 22, 2025) (dismissing as frivolous case seeking to be declared King of Michigan); *Gant v. United States Gov't*, No. 24-754, 2024 WL 3862487, at *1 (W.D. Mich. July 29, 2024) (recommending dismissal of suit against United States challenging former President Biden's directive that ByteDance sell TikTok to a United States company), *R. & R. adopted sub nom.*, *Gant v. United States*, 2024 WL 3859993 (Aug. 19, 2024).
[31] *Berens*, 2026 WL 1974165, at *1 (issuing pre-filing injunction).
[32] *Gant v. World Bank*, No. 26-270, 2026 WL 1697603, at *1 (D. Me. June 11, 2026) (dismissing case as frivolous because same was "fanciful, fantastic, and delusional").

## IV. CONCLUSION

Despite being advised that his failure to respond to the show cause order could result in summary dismissal, Plaintiff failed to comply and has not submitted a written statement setting forth the specific facts supporting his cause(s) of action. Further, Plaintiff's complaint is clearly subject to summary dismissal with prejudice and without leave to amend under § 1915(e)(2)(B) for being frivolous.

Accordingly,

**IT IS ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) as frivolous.

New Orleans, Louisiana, this 31st day of August, 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE